**IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SUMITOMO CORPORATION OF AMERICAS | § § | |
| Plaintiff | § | C. A. NO. _____ |
| v. | § | **JURY DEMAND** |
| | § | |
| QUALITY CARRIERS, INC., AND EXPRESS CONTAINER SERVICES OF PASADENA, LLC | § § § | |
| Defendants | § | |

**COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sumitomo Corporation of Americas, ("Sumitomo"), Plaintiff in the above-entitled and numbered cause, complaining of Quality Carriers, Inc. ('Quality") and Express Container Services of Pasadena, LLC, ("Express") hereafter collectively called "Defendants" herein, and in support would show the Court as follows:

**I.**

**PARTIES**

1.     Plaintiff, Sumitomo Corporation of Americas, ("Sumitomo"), is a New York corporation or similar entity, which was the shipper of the cargo in question and brings this action on its own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the goods in question. Plaintiff Sumitomo is registered to do business in the state of Texas.

2.     Defendant, Quality Carriers, Inc. ("Quality"), was and now is a company organized and existing under the laws of the State of Illinois, with locations in Texas. Quality does maintain a registered agent in the state of Texas, and thus may be served through its registered agent: Corporation Service Company d/b/a CSC Lawyers INCO, 211 E. 7th Street, Austin, TX 78701.

3.      Defendant Express Container Services of Pasadena, LLC ("Express"), is a Texas Corporation, with the power to sue and be sued, which regularly does business in Texas, with locations in Texas, including at 10201 Bay Area Blvd., Pasadena, Texas 77507 in the county of Harris, Texas. Express does maintain a registered agent in the state of Texas, and thus may be served through its registered agent: Matt Moser, 8700 Industrial Drive, Houston, TX 77029.

## II.

## JURISDICTION

4.      Plaintiff bases the jurisdiction of this Court on Surface Transportation Board Jurisdiction, ICC Termination Act of 1995, 49 U.S.C. § 13501 and § 14706, et. seq., "Carmack" jurisdiction, and the amount in controversy, which exceeds $10,000.00 per load of freight carried.

## III.

## VENUE

5.      Venue applies in the Houston District of Texas – Houston Division. Defendant Express is a Texas corporation officed at 10201 Bay Area Blvd., Pasadena, Texas 77507, and Quality is an interstate trucker which regularly does business in the Southern District of Texas. Venue applies to Quality since the Southern District of Texas is a district through which Defendant does business, 49 U.S.C. § 14706(d)(1), and this carriage originated in Harris County, Texas for a destination in Kentucky.

## IV.
## GENERAL

6.      Whenever Plaintiff alleges that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives, did such act or thing, and that at the time such act of thing was done with the full authorization or ratification of Defendants, or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

**V.**

## **FACTS AND CARMACK CAUSES OF ACTION**

7.      On or about July 1, 2020, Sumitomo contracted with defendants Express and Quality, for Defendants to provide logistics services, including: a) selection of a carrying container, b) cleaning of the container, c) loading and d) deliver a cargo of RQ Methyl methylacrylate ("cargo") from Texas to Kentucky, and to otherwise prepare, and transport and/or arrange for the transport of a shipment of chemical cargo from Deer Park, Texas, to Florence, Kentucky for valuable consideration.

8.      Defendant Express was retained by Sumitomo directly, or through Quality, in connection with the selection, cleaning and preparation of a liquid-carrying container to carry the cargo from Texas to Kentucky. Upon information and belief, Express was retained to a) select the carrying container, b) adequately clean the container for carriage of the cargo in question, and c) interstate delivery of the container selected for loading, transport, and delivery of the Cargo from the aforementioned loading location in Deer Park, Texas to a specified destination in Florence, Kentucky. Express delivered: a) a non-conforming container, inadequate for the purpose of carrying this cargo, and/or b) delivered an inadequately cleaned container for the intended carriage, which caused or contributed to the damages asserted herein.

9.      On or about July 1, 2021, the Cargo was delivered to Express and/or Quality (collectively "Defendants") in good order and condition, which the Defendants received and accepted the cargo, clean and without contamination, for logistics services and transport to the specified destination in Florence, Kentucky.

10.     On July 3, 2021, the Cargo was delivered by Quality to the consignee, Aristech in Florence, Kentucky, in a damaged, contaminated and/or adulterated condition, which the cargo did not exhibit upon delivery to them in Deer Park, Texas.  The cargo was rejected by the consignee, Aristech, and expenses were caused by the attempted filtering, cleaning or otherwise mitigating

the damages, cased by, inter alia, contamination damage to the Cargo during Quality's carriage of the goods from Deer Park, Texas to Kentucky.

## VI.

## AD DAMNUM CLAUSE

11. The monetary loss incurred to Plaintiff as a result of the loss of the goods in transit was $74,283.04, for which Plaintiff demands recovery from the Defendants, jointly and severally.

## VII.

## ALTERNATIVE COUNTS FOR NEGLIGNCE, BAILMENT AND BREACH OF CONTRACT

12. Alternatively, and without waiving the previous causes of action, Plaintiff avers that on or about July 1, 2021, Defendant Express was retained by Sumitomo, or through Quality, in connection with the selection, cleaning and preparation of a liquid-carrying container to carry the cargo from Texas to Kentucky. Upon information and belief, Express was retained to a) select the carrying container, b) adequately clean the container for carriage of the cargo in question, and c) interstate delivery of the container selected for loading, transport and delivery of the Cargo from the aforementioned loading location in Deer Park, Texas to a specified destination in Florence, Kentucky. Express delivered: a) a non-conforming container, inadequate for the purpose of carrying this cargo, and/or b) delivered an inadequately cleaned container for the intended carriage, which caused or contributed to the damages asserted herein.

13. On or about July 1, 2021, Quality was entrusted with Interstate carriage responsibility for that cargo to be shipped from Deer Park, Texas to Florence, Kentucky. Quality was to have carried the cargo from Deer Park, Texas, in good order and condition, and deliver it to Florence, Kentucky, in good order and condition, but they failed to do so by their negligence, breach of bailment, and breach of contract.

14. Quality, as a chemical trucking carrier, held themselves out as knowledgeable in the business of carrying sensitive chemicals such as the one in question, and warranted that the overland truck carriage would be conducted in a safe and appropriate fashion for safe carriage of Plaintiff's cargo from Deer Park, Texas to Florence, Kentucky. However, Quality failed to properly instruct its subcontractors, if any, and/or improperly cleaned and prepae4red for reception of the chemical cargo in question, or the container used had residues of previously carried cargoes which contaminated Plaintiff's cargo and led to monetary damages of $74,283.04 to plaintiff's cargo during the subsequent carriage thereof.

15. Express and Quality as container cleaners or as carriers of the goods, ere entrusted with safe and clean cargo loading, carriage, delivery from an interstate movement from Deer Park, Texas to Florence, Kentucky. Quality undertook safe carriage responsibility for the cargo in question and agreed to transport and safeguard the cargo during its transportation culminating in its delivery in Florence, Kentucky from its origination point in Deer Park, Texas to Florence, Kentucky on or about July 3, 2021. Defendants failed in their obligations to safely transport the cargo was delivered contaminated and damaged in Florence, Kentucky on or about July 3,2021.

16. Express and Quality, understood, upon agreeing to become involved in the movement of Sumitomo's cargo knew that it was of a sensitive chemical nature. However, Express and or Quality negligently supplied a contaminated or incompatible tank container, and then Express and/or Quality mishandled and/or improperly cleaned the carrying container before shipment of the goods, resulting in damage to the cargo during carriage.

17. Express and /or Quality owed Sumitomo the duty of proper cleaning of the tank container, and/or proper cleanliness inspection of the carrying container supplied to carry the cargo before it was accepted for loading of the cargo. Express and/or Quality should have inspected and rejected the carrying container as improperly selected or cleaned before the truck carriage. If they had indeed identified that the container was improperly cleaned, or improperly selected upon receipt,

as required by contract, the discovery of the pre-shipment contamination of the container would have resulted in location of an alternative shipping container, and prevented the damages asserted herein. However, Express and/or Quality failed in their inspection responsibility and Express and/or Quality's negligent and defective cleaning caused the cargo to become contaminated during carriage, causing damages to the cargo during carriage, to Plaintiff's detriment. The improper selection, inspection or cleaning resulted in the use of a carrying container that did not comply with the "warranty for fitness of purpose", causing damages to Plaintiff.

18. Defendants Express and/or Quality undertook container selection, cleaning, carriage, inspection, and/or handling responsibilities, (or selection, cleaning, carriages, inspection and/or handling by others of their own choosing) and failed to redeliver the cargo in the same good order and condition as received and are thus liable to Sumitomo for the damages in the monetary amount stated herein.

19. Quality became involved in the Interstate carriage of Plaintiff's goods from Deer Park, Texas to Florence, Kentucky without making any exceptions on the Interstate bills of lading for cargo damage or making any exceptions for the allegedly defective state of the cargo. Thus, Quality became liable, under the doctrine of *res ipsa loquitur,* for damages to Plaintiff's cargo, when it arrived in Kentucky in a condition different than the "good order and condition" expressed by the clean bill of lading, since Quality was the only person in possession of the goods during the carriage in question.

20. Defendant, Express and/or Quality undertook to supply, or review and accept, a truck trailer without defect and fit for its intended purpose, and Express and/or Quality agreed to: a) select and prepare the carrying container, clean the container, inspect the container before loading, and/or to arrange for the clean carriage of the cargo delivered to Florence, Kentucky on or about July 3, 2021. The cargo was not delivered in good order and condition at the intended destination in Florence, Kentucky, and the cargo was contaminated and damaged due to the fault and

negligence of Express and/or Quality: a) selecting the carrying container, b) inadequately cleaning the container for carriage of the cargo in question, and c) damaged delivery of the cargo in question.

21. Express and/or Quality are therefore liable for the damage to the goods in question.

22. Plaintiff was the authorized shipper, forwarder and/or contractually responsible party concerning the shipment of the goods in question, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

23. Plaintiff has duly performed all duties and obligations on its part to be performed.

## VIII.

## DAMAGES

24. The monetary loss suffered by Plaintiff as a result of the loss of the goods in transit was $74,283.04, for which Plaintiff demands recovery from Defendants, jointly and severally.

25. As a direct result of the activities above, Plaintiff suffered losses in the amount of $74,283.04, as nearly as same can now be estimated. Plaintiff has performed all conditions precedent necessary to allow recovery.

## IX.

## ATTORNEY'S FEES

26. Plaintiff retained the undersigned attorneys to present its claims to Defendants, and its claims have been presented to Defendants. Plaintiff sent written notice of its claim to Defendants more than thirty (30) days ago, but Defendants have failed and refused to pay the balance owed. However, the claims have not been paid, although duly demanded. Plaintiff, therefore, seeks

reasonable and necessary attorney's fees in the amount of at least $25,000.00 through trial, plus all reasonable and necessary attorney's fees incurred on any appeals or in collection of a judgment. Plaintiff further seeks prejudgment interest, post-judgment interest, and all cost of court.

## X.

## JURY DEMAND

27.     Plaintiff requests trial by jury.

28.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to Defendants, Express and Quality, requiring them to appear, and that this Court award judgment to Plaintiff and against the Defendants, including damages of $74,283.04, jointly, and severally, pre-judgment interest, post-judgment interest, costs of the court, and such other and further relief to which Plaintiff may show itself to be justly entitled.

                                                  Respectfully submitted,

                                                  */s/ Dana K. Martin*
                                                  DANA K. MARTIN
                                                  SDTX I.D. No.: 126
                                                  Texas Bar No.: 13057830
                                                  HILL RIVKINS LLP
                                                  1000 North Post Oak, Suite 220
                                                  Houston, Texas 77055
                                                  Telephone:  (713) 222-1515
                                                  Direct Line: (713) 446-9311
                                                  Telefax: (713) 222-1359
                                                  Email: dmartin@hillrivkins.com

                                                  ATTORNEY IN CHARGE FOR
                                                  PLAINTIFF SUMITOMO
                                                  CORPORATION OF AMERICA