IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUMITOMO CORPORATION OF AMERICAS § | |
| § | |
| VS. § | C.A. NO. 4:22-CV-2064 |
| § | Jury Demanded |
| § | |
| QUALITY CARRIERS, INC. and EXPRESS § | |
| CONTAINER SERVICES OF PASADENA, LLC § | |

**DEFENDANT QUALITY CARRIERS, INC.'S**
**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW defendant QUALITY CARRIERS, INC. ("Defendant") and files its Original Answer to Plaintiff's Original Complaint ("Plaintiff's Complaint") and in support would show the Court as follows:

**I. Parties**

1. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Original Complaint, thus the allegations are denied.

2. Defendant admits it is organized and existing under the laws of the State of Illinois. Defendant denies it has "locations" in Texas to the extent that statement in Plaintiff's Complaint implies Defendant's principal office is in Texas which it is not. Defendant admits the remainder of Paragraph 2 of Plaintiff's Complaint.

3. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Original Complaint; thus, the allegations are denied.

**II. Jurisdiction**

4. Defendant admits Paragraph 4 of Plaintiff's Complaint.

### III. Venue

5.      Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Original Complaint as they relate to Defendant Express. Defendant admits the remainder of Paragraph 5 of Plaintiff's Complaint.

### IV. General

6.      Defendant denies Paragraph 6 of Plaintiff's Complaint.

### V. Facts and Carmack Causes of Action

7.      Defendant denies Paragraph 7 of Plaintiff's Complaint.

8.      Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9.      Defendant denies Paragraph 9 of Plaintiff's Complaint.

10.     Admit the Cargo was delivered by Defendant to Aristech in Florence, Kentucky on July 3, 2021. Deny the remainder of Paragraph 10 of Plaintiff's Complaint.

### VI. Ad Damnum Clause

11.     Defendant denies Paragraph 11 of Plaintiff's Complaint.

### VII. Alternative Counts for Negligence, Bailment and Breach of Contract

12.     Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Original Complaint.

13.     Defendant denies Paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits it is a bulk chemical transportation carrier. Defendant denies the remainder of Paragraph 14 of Plaintiff's Complaint.

15.     Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Original Complaint as they relate to Defendant Express.

Defendant admits it was hired to transport the Cargo from Deer Park, Texas, to Florence, Kentucky. Defendant denies the remainder of Paragraph 15 of Plaintiff's Complaint.

16. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Plaintiff's Original Complaint as they relate to Defendant Express. Defendant denies the remainder of Paragraph 16 of Plaintiff's Complaint.

17. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Original Complaint as they relate to Defendant Express. Defendant denies the remainder of Paragraph 17 of Plaintiff's Complaint.

18. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Original Complaint as they relate to Defendant Express. Defendant denies the remainder of Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies Paragraph 19 of Plaintiff's Complaint.

20. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of Plaintiff's Original Complaint as they relate to Defendant Express. Defendant denies the remainder of Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies Paragraph 21 of Plaintiff's Complaint.

22. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of Plaintiff's Original Complaint with respect to any legal authority to bring this lawsuit on behalf of any third party. Defendant denies the remainder of Paragraph 22.

23. Defendant denies Paragraph 23 of Plaintiff's Complaint.

## VIII. Damages

24. Defendant denies Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies Paragraph 25 of Plaintiff's Complaint.

### IX. Attorney's Fees

26. Defendant denies Paragraph 26 of Plaintiff's Complaint.

### X. Jury Demand

27. Defendant admits Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies Plaintiff's prayer for judgment, damages, interest, costs of court and any further relief as set forth in Paragraph 28 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

29. Defendant denies it is liable to Plaintiff for any alleged damages as it exercised reasonable care to protect the Cargo from damage and Defendant was free from negligence.

30. Defendant further denies it is liable to Plaintiff for any alleged damages as it exercised reasonable care to protect the Cargo from damage and any alleged damage to the Cargo was not the result of Defendant's negligence but that of one or more third parties which Defendant had no degree of control.

31. Defendant further denies it is liable to the Plaintiff as the alleged damage to the Cargo was caused by the acts of Plaintiff and/or from the inherent vice or nature of the Cargo.

32. Defendant further denies it is liable to the Plaintiff for its claims for breach of any express or implied warranties made in this lawsuit as the remedies available to Plaintiff under the Carmack Amendment preempt Texas law on this issue.

33. Defendant further denies it is liable to the Plaintiff as Plaintiff failed to mitigate its damages.

34. Plaintiff's request for attorney's fees is not available to Plaintiff for its claims made pursuant to the Carmack Amendment which preempts Texas law on this issue.

### JURY DEMAND

35. Defendant requests a trial by jury.

# PRAYER

36. WHEREFORE, PREMISES CONSIDERED, defendant QUALITY CARRIERS, INC. asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant any and all other relief to which it is entitled.

        Respectfully submitted,

*Marc B. Johnson*
MARC B. JOHNSON
State Bar No. 90001975
Federal Bar No. 27899
Email: mjohnson@bairhilty.com
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT QUALITY CARRIERS, INC.**

OF COUNSEL:

BAIRHILTY, P.C.
WENDI R. ERVIN
State Bar No. 06651220
Federal Bar No. 13873
Email: wervin@bairhilty.com
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713) 862-5599
Facsimile: (713) 868-9444

# CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on all parties of record in compliance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas, Houston Division, by e-service on this the 25th day of August 2022.

| | |
|---|---|
| Dana K. Martin<br>Hill Rivkins, LLP<br>1000 North Post Oak, Suite 220<br>Houston, Texas 77055 | *Via E-Service* |

        */s/ Marc B. Johnson*
        MARC B. JOHNSON