IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUMITOMO CORPORATION OF AMERICAS<br>    Plaintiff<br><br>v.<br><br>QUALITY CARRIERS, INC., AND EXPRESS CONTAINER SERVICES OF PASADENA, LLC | § § § § § § § § § § § | C. A. NO. 4:22-CV-02064<br><br>**JURY DEMANDED** |

### DEFENDANT EXPRESS CONTAINER SERVICES OF PASADENA, LLC'S ORIGINAL ANSWER

Express Container Services of Pasadena, LLC ("Express") files this original answer to Sumitomo Corporation of Americas' ("Sumitomo") complaint:

Specific Responses

1. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶1 of Plaintiff's complaint, and so herein denies the allegations in ¶1.

2. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶2 of Plaintiff's complaint, and so herein denies the allegations in ¶2.

3. Express admits the allegations in ¶3 but denies any liability for the claims.

4. Express admits the statement of law in ¶4 is correct, but lacks knowledge or information to form a belief about the truth of the contents of ¶4 of the complaint, and so herein denies the allegations.

5. Express admits to the allegations in ¶5 as to Express but Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶5 of Plaintiff's complaint, and so herein denies the allegations in ¶5.

4876-8511-5437.3

6. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶6 of Plaintiff's complaint, and so herein denies the allegations in ¶6.

7. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶7 of Plaintiff's complaint, and so herein denies the allegations in ¶7.

8. Express denies it delivered a nonconforming container and/or delivered an inadequately cleaned container. As to the remainder of the allegation, Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶8 of Plaintiff's complaint, and so herein denies the allegations in ¶8.

9. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶9 of Plaintiff's complaint, and so herein denies the allegations in ¶9.

10. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶10 of Plaintiff's complaint, and so herein denies the allegations in ¶10.

11. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶11 of Plaintiff's complaint, and so herein denies the allegations in ¶11.

12. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶12 of Plaintiff's complaint, and so herein denies the allegations in ¶12.

13. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶13 of Plaintiff's complaint, and so herein denies the allegations in ¶13.

14. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶14 of Plaintiff's complaint, and so herein denies the allegations in ¶14.

15. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶15 of Plaintiff's complaint, and so herein denies the allegations in ¶15.

16. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶16 of Plaintiff's complaint, and so herein denies the allegations in ¶16.

17. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶17 of Plaintiff's complaint, and so herein denies the allegations in ¶17.

18. Express denies the allegations in ¶18.

19. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶19 of Plaintiff's complaint, and so herein denies the allegations in ¶19.

20. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶20 of Plaintiff's complaint, and so herein denies the allegations in ¶20.

21. Express denies the allegations in ¶21.

22. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶22 of Plaintiff's complaint, and so herein denies the allegations in ¶22.

23. Express denies the allegations in ¶23.

24. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶24 of Plaintiff's complaint, and so herein denies the allegations in ¶24.

25. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶25 of Plaintiff's complaint, and so herein denies the allegations in ¶25.

26. Express lacks knowledge or information sufficient to form a belief about the truth of the contents of ¶26 of Plaintiff's complaint, and so herein denies the allegations in ¶26.

27. Express admits the allegations in ¶27.

28. Express denies the claims in ¶28.

## AFFIRMATIVE DEFENSES

29. Plaintiff's claims and damages, if any, are barred by the doctrine of ratification.

30. Plaintiff's claims and damages, if any, are barred by the doctrine of estoppel.

31. Plaintiff's claims and damages, if any, are barred by the doctrine of waiver.

32. Plaintiff's claims and damages, if any, are barred because any alleged improper conduct by Express (which is denied) was excused by Plaintiff's own unclean hands.

33. Plaintiff's claims and damages, if any, are barred in whole or in part by its own fault.

34. Plaintiff's claims and damages, if any, are barred in whole or in part by lack of proper presentment.

35. Express denies it is liable to Plaintiff for any alleged damages as it exercised reasonable care to protect the Cargo from damage and Express was free from negligence.

36. Express further denies it is liable to Plaintiff for any alleged damages as it exercised reasonable care to protect the Cargo from damage and any alleged damage to the Cargo was not the result of Express' negligence but that of one or more third parties which Express had no degree of control.

37. Express further denies it is liable to the Plaintiff as the alleged damage to the Cargo was caused by the acts of Plaintiff and/or from the inherent vice or nature of the Cargo.

38. Express further denies it is liable to the Plaintiff for its claims for breach of any express or implied warranties made in this lawsuit as the remedies available to Plaintiff under the Carmack Amendment preempt Texas law on this issue.

39. Express denies it is liable to the extent Plaintiff failed to mitigate its damages.

40. Plaintiff's request for attorney's fees is not available to Plaintiff for its claims made pursuant to the Carmack Amendment which preempts Texas law on this issue.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77002
Telephone: (713) 659-6767
Fax: (713) 759-6830

/s/ *W. Earl Touchstone*
W. Earl Touchstone
Texas State Bar No. 20150500
SDTX ID No. 11381
Email: earl.touchstone@lewisbrisbois.com

ATTORNEY IN CHARGE FOR DEFENDANT
EXPRESS CONTAINER SERVICES OF
PASADENA, LLC

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following counsel of record through the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure on this 29th day of August, 2022.

Dana K. Martin
Hill Rivkins LLP
1000 North Post Oak, Suite 220
Houston, Texas 77055
dmartin@hillrivkins.com

Marc B. Johnson
Wendi R. Ervin
BairHilty, P.C.
14711 Pebble Bend Drive
Houston, Texas 77068
mjohnson@bairhilty.com
wervin @bairhilty.com

/s/ *W. Earl Touchstone*
W. Earl Touchstone
